RUTA PAALUHI (w) *v.* KELIIHALEOLE, JOHN WA-HINEMAIKAI, JOHN NAALUALU and SEU TAI HEONG, by his Guardian *ad litem*, SEU TING UNG.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 29, 1897.         DECIDED JULY 20, 1897.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE CARTER, IN PLACE OF JUDD, C.J., ABSENT.

A testator devised his property, real and personal, to his wife without words of inheritance, "and further after the death of my wife my property is to be divided; one-third for the heirs of my wife, and the remainder for my children G. B. Koekoe and Ruta Kapehe, and if they shall have died before then for their children." The wife and children survived the testator and afterwards the wife died. Held, the wife took only a life estate, with remainder, as to one-third of the real estate, to Ruta.

OPINION OF THE COURT BY FREAR, J.

This is an action of ejectment for two pieces of land situated
at Kaipapau, Koolauloa, Oahu, and covered by Royal Patent
(Grant) 2351 to Hoopalahee. The Circuit Court, jury waived,
found for the plaintiff for one-third of the land and $80 damages.
The only question which this Court is called upon to decide
on these exceptions taken by the defendants is whether, under
the will of the said Hoopalahee, admitted to probate in 1864,
his wife, Kamoa, who died in 1880, under whom the defendants
claim, took the fee simple, or, as to an undivided one-third of
the land, only a life estate with remainder over to the plain-
tiff, then Ruta Kapehe.

The portions of the will material to this case are (translated):

"After paying all my debts then the remainder of my prop-
erty, the real estate and the personal property I hereby give
to my beloved wife Meleana Kamoa.

(Here is inserted a statement of the debts owing by and to
the testator).

"To my beloved wife the Kuleana No. 8171, Number of the
Royal Patent 1319 situated at Kaipapau and Hauula. The
purchased land Number 2351 situated at Kaipapau, and all the
things upon both these lands, and the red work horse branded
Hn.

"And further, after the death of my wife my property is
to be divided; one-third for the heirs of my wife, and the re-
mainder for my children G. B. Koekoe and Ruta Kapehe, and if
they shall have died before then for their children."

The defendants contend that the first of these clauses should
be read as a residuary clause and therefore as if inserted last,
and so be given effect under the rule that of inconsistent clauses
in a will the last prevails, or, that, if this clause is to be read
first, as it stands, it should be construed as passing the fee to
the wife and that the last clause could not defeat the estate given
by the first clause, or at least that the last clause does not show

clearly an intention on the part of the testator to cut the estate devised in the first clause down to a life estate.

The plaintiff contends that the first clause is not a residuary clause; that all the clauses should be read in their order; that if they are inconsistent the last should prevail; but that they may be reconciled by construing them to give a life estate to the wife with remainder to the children. The first two clauses cover substantially the same ground, one in general, the other in specific terms.

In our opinion this view is correct. The several clauses are capable of this construction; when so construed, all are made effective; they should be so construed if possible. See 1 Jarm., Wills, 475; 29 Am. & Eng. Enc. of Law, 364; *Gravenor v. Watkins,* L. R. 6 C. P. 500.

The exceptions are overruled.

*A. G. M. Robertson,* for plaintiff.

*Cecil Brown* and *Magoon & Edings,* for defendants.